1 | Gregory P. Sitrick (SBN 028756)
gregrory.sitrick@quarles.com
2 | **QUARLES & BRADY LLP**
One Renaissance Square
3 | Two North Central Avenue
Phoenix, AZ 85004
4 | Telephone: 602.229.5317
Facsimile: 602.420.5198
5 |
Uleses C. Henderson, Jr. (*pro hac vice* forthcoming)
6 | uhenderson@onellp.com
Stephen M. Lobbin (*pro hac vice* forthcoming)
7 | slobbin@onellp.com
**ONE LLP**
8 | 9301 Wilshire Blvd, Penthouse Suite
Beverly Hills, CA 90210
9 | Telephone: 310.866.5157
Facsimile:  310.919.2835
10 |
*Attorneys for Plaintiffs*
11 | **Bestway Inflatables & Material Corporation**
and **Bestway (USA), Inc.**
12 |
13 |
14 |                        **UNITED STATES DISTRICT COURT**
15 |                        **FOR THE DISTRICT OF ARIZONA**
16 |
17 |
18 | BESTWAY INFLATABLES &          ) Case No.
MATERIALS CORPORATION, a        )
    China corporation; and BESTWAY  )
19 | (USA), INC., an Arizona corporation, ) **COMPLAINT FOR**
                                      ) **PATENT INFRINGEMENT**
20 |             Plaintiffs,            )
                                      )
21 |       v.                          ) **DEMAND FOR JURY TRIAL**
                                      )
22 | INTEX RECREATION               )
CORPORATION, a California        )
23 | corporation; INTEX DEVELOPMENT  )
COMPANY LTD., a Hong Kong        )
24 | corporation; and INTEX INDUSTRIES )
(XIAMEN) CO., LTD., a China       )
25 | corporation,                     )
                                      )
26 |             Defendants.           )
                                      )
27 |
28 |

BES16LIT001

1   Plaintiffs Bestway Inflatables & Materials Corporation and Bestway (USA),

2  Inc. (collectively referred to herein as "Bestway") bring this patent infringement

3  action against Defendants Intex Industries (Xiamen) Co., Ltd., Intex Recreation

4  Corp., and Intex Development Company, Ltd. (collectively referred to herein as

5  "Intex") in connection with Intex's manufacture and sales of above-ground pool

6  filters covered by one or more claims of U.S. Patent No. 7,159,731 ("the '731

7  patent").  Bestway hereby complains and alleges against Intex as follows:

8                          **JURISDICTION AND VENUE**

9       1.    This is an action for patent infringement arising under the Patent Laws

10  of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.  This Court

11  has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

12  1331 and 1338.

13      2.    On information and belief, Intex has made, used, offered to sell, sold,

14  and/or imported into the United States, products that infringe one or more claims of

15  the '731 patent, which is owned by Bestway.

16      3.    This Court has personal jurisdiction over Intex because, on information

17  and belief, Intex regularly engages in business in this Judicial District, regularly

18  solicits business in this Judicial District, and derives substantial revenue from goods

19  sold and used in this Judicial District.  Intex's accused infringing products are or

20  were available, and are or were being offered for sale and sold, via the internet on at

21  least Amazon.com and at Wal-Mart stores, including to customers located within

22  this Judicial District.

23      4.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and

24  1400(b).

25                              **THE PARTIES**

26      5.    Plaintiff Bestway Inflatables & Materials Corporation ("Bestway-

27  China") is a company organized under the laws of the People's Republic of China,

28

2

COMPLAINT FOR
PATENT INFRINGEMENT

BES16LIT001

having a principal place of business at No. 3065 Cao An Road, Shanghai, China 201812.

6.    Plaintiff Bestway (USA), Inc. ("Bestway-USA") is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 3249 East Harbour Drive, Phoenix, Arizona.

7.    Bestway is in the business of making and selling many products, including above-ground pool products and accessories.

8.    On information and belief, Defendant Intex Industries (Xiamen) Co., Ltd. ("Intex-Xiamen") is a company organized under the laws of the People's Republic of China, having a principal place of business at Wengjiao Road, Haicang District, Xiamen, Fujian, China.  On information and belief, Intex-Xiamen manufactures above-ground pool products and accessories sold and distributed in the United States, including the accused infringing above-ground pool filters.

9.    On information and belief, Defendant Intex Development Company Ltd. ("Intex Development") is a corporation organized and existing under the laws of Hong Kong, having a principal place of business at 9/F Dah Sing Financial Centre, 108 Gloucester Road, WanChai, Hong Kong.  On information and belief, Intex Development exports above-ground pool products and accessories from China into the United States, including the accused infringing above-ground pool filters.

10.    On information and belief, Intex Recreation Corporation ("Intex Recreation") is a corporation organized and existing under the laws of the State of California, having a principal place of business at 4001 Via Oro Avenue, Long Beach, California.  On information and belief, Intex Recreation, Intex's United States subsidiary, imports and distributes above-ground pool products and accessories in the United States, including the accused infringing above-ground pool filters.

COMPLAINT FOR
PATENT INFRINGEMENT

BES16LIT001

# FACTUAL BACKGROUND

11.     On June 15, 2004, the United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. 7,159,731, which is entitled "Air Purge Valve And Filter Pump Cover Employing Same" and relates to an air purge valve and filter pump cover.  A true and accurate copy of the '731 patent is attached hereto as Exhibit A.

12.     Bestway-China is the assignee of and owns all rights and interest in and to the '731 patent, and has the right to sue for any infringement thereof.  Bestway-USA is the licensee of the '731 patent.

13.     Bestway sells products in the United States that embody the inventions claimed in the '731 patent, including, but not limited to, its Flowclear™ Filter Pumps.

14.     On information and belief, Intex is infringing the '731 patent, directly, contributorily and/or by inducement, by making, using, importing, selling, or offering for sale in the United States, including in this Judicial District, products embodying the inventions claimed in the '731 patent, without authority.  For example, Intex is infringing the '731 patent by making, using, selling, offering for sale, and/or importing its Krystal Clear™ Cartridge filter pump products, including at least the products bearing the serial numbers shown below:

 

4

**Serial No. 28637EG**

**Serial No. 28601**

 

**Serial No. 28635EG**

**Serial No. 28633EG**



**Serial No. 2867EG**

## COUNT ONE

(Patent Infringement)

15.     Bestway re-alleges and incorporates by reference paragraphs 1-14 of this Complaint, as though fully set forth herein.

16.     On information and belief, Intex has had actual knowledge of the '731 patent, prior to the filing of this action.

17.     Intex's Krystal Clear Cartridge filter pumps infringe the '731 patent.

18.     Intex has directly infringed and continues to directly infringe one or more claims of the '731 patent by making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Krystal Clear Cartridge filter pumps and other similar products that infringe the '731 patent.

COMPLAINT FOR
PATENT INFRINGEMENT

BES16LIT001

1    19.    Intex has contributed to the infringement of and continues to

2  contributorily infringe one or more claims of the '731 patent, by making, using,

3  offering to sell, selling and/or importing, in this Judicial District and elsewhere in

4  the United States, the Krystal Clear Cartridge filter pumps and other similar

5  products that infringe the '731 patent.  In particular, Intex has made, used, offered to

6  sell, sold and/or imported the above-referenced products with knowledge of the '731

7  patent and its applicability to the products.

8    20.    On information and belief, Intex has induced infringement of and

9  continues to induce infringement of one or more claims of the '731 patent by

10  developing, making, using, offering to sell, selling and/or importing, in this Judicial

11  District and elsewhere in the United States, the Krystal Clear Cartridge filter pumps

12  and other similar products that infringe the '731 patent.

13    21.    Intex's actions constitute direct infringement, contributory

14  infringement, and/or active inducement of infringement of one or more claims of the

15  '731 patent in violation of 35 U.S.C. § 271.

16    22.    Bestway has sustained damages and will continue to sustain damages

17  as a result of Intex's aforesaid acts of infringement.

18    23.    Bestway is entitled to recover damages sustained as a result of Intex's

19  wrongful acts in an amount to be proven at trial.

20    24.    Intex's infringement of Bestway's rights under the '731 patent will

21  continue to damage Bestway's business, causing irreparable harm, for which there is

22  no adequate remedy at law, unless it is enjoined by this Court.

23    25.    In addition, Intex has infringed the '731 patent – directly,

24  contributorily, and/or by inducement – with full knowledge of the '731 patent's

25  issuance and despite having full knowledge that its actions constituted infringement

26  of that patent.  For at least this reason, Intex has willfully infringed the '731 patent,

27  entitling Bestway to increased damages under 35 U.S.C. § 284 and to attorney fees

28  and costs incurred in prosecuting this action under 35 U.S.C. § 285.

COMPLAINT FOR
PATENT INFRINGEMENT

BES16LIT001

## **PRAYER FOR RELIEF**

WHEREFORE, Bestway respectfully requests that the Court enter judgment in its favor and against Intex, and provide Bestway the following relief:

A.    An adjudication that U.S. Patent 7,159,731 is valid and enforceable, and is infringed by Intex;

B.    Orders of this Court temporarily, preliminarily, and permanently enjoining Intex, its agents, servants, and any and all parties acting either in concert or in any business relationship with Intex, from directly or indirectly infringing in any manner any of the claims of the '731 patent pursuant to at least 35 U.S.C. § 283, including specifically an order enjoining the sale, offering for sale, manufacture, or importation of any infringing products;

C.    An award of damages adequate to compensate Bestway for Intex's infringement of the '731 patent in an amount to be proven at trial;

D.    An adjudication that Intex's infringement of the '731 patent has been deliberate and willful, and awarding Bestway treble damages under 35 U.S.C. § 284;

E.    A finding that this case is "exceptional" under 35 U.S.C. § 285, and awarding Bestway its costs and reasonable attorney's fees;

F.    An assessment and award of pre- and post-judgment interest on all damages awarded; and

G.    Such other and further relief as the Court deems just and proper.

/ /

/ /

/ /

COMPLAINT FOR
PATENT INFRINGEMENT

BES16LIT001

1

**Demand for Jury Trial**

2        Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Bestway hereby demands a jury

3    trial on all the issues so triable.

4                                             Respectfully submitted,

5    DATED:  1/5/2016              **QUARLES & BRADY LLP**

6

7                                   By:  /s/ Gregory P. Sitrick
                                     GREGORY P. SITRICK (SBN 028756)
8                                    gregrory.sitrick@quarles.com
                                     **QUARLES & BRADY LLP**
9                                    One Renaissance Square
                                     Two North Central Avenue
10                                   Phoenix, AZ 85004
                                     Telephone: 602.229.5317
11                                   Facsimile: 602.420.5198

12                                   Uleses C. Henderson, Jr. (*pro hac vice* forthcoming)
                                     uhenderson@onellp.com
13                                   Stephen M. Lobbin (*pro hac vice* forthcoming)
                                     slobbin@onellp.com
14                                   **ONE LLP**
                                     9301 Wilshire Blvd, Penthouse Suite
15                                   Beverly Hills, CA 90210
                                     Telephone: 310.866.5157
16                                   Facsimile:  310.919.2835

17                                   *Attorneys for Plaintiffs*
                                     **Bestway Inflatables & Material Corporation**
18                                   and **Bestway (USA), Inc.**

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR
PATENT INFRINGEMENT

BES16LIT001